FILED ENTERED
RECEIVED SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 24, 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ALFREDO AYALA-FLORES,<br>aka "Blackie,"<br><br>Defendant. | 2:20-CR-156-RFB-DJA<br><br>**Preliminary Order of Forfeiture** |

This Court finds Jose Alfredo Ayala-Flores, aka "Blackie," pled guilty to Count One of a One-Count Superseding Criminal Information charging him with conspiracy to distribute a controlled substance – methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Superseding Criminal Information, ECF No. 324; Change of Plea, ECF No. 339; Plea Agreement, ECF No. 326.

This Court finds Jose Alfredo Ayala-Flores, aka "Blackie," agreed to the imposition of the in personam criminal forfeiture money judgment of $45,900 set forth in the Plea Agreement and the Forfeiture Allegation of the Superseding Criminal Information. Superseding Criminal Information, ECF No. 324; Change of Plea, ECF No. 339; Plea Agreement, ECF No. 326.

The in personam criminal forfeiture money judgment is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or 21 U.S.C. § 846, conspiracy to commit such offense, (2) any property

constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841(a)(1) and 846, (3) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. §§ 841(a)(1) and 846, (4) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841(a)(1) and 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841(a)(1) and 846 and is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1); 21 U.S.C. § 853(a)(2); 21 U.S.C. § 853(p); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).

This Court finds that Jose Alfredo Ayala-Flores, aka "Blackie," shall pay an in personam criminal forfeiture money judgment of $45,900 to the United States of America, not to be held jointly and severally liable with any codefendants and the collected money judgment amount between the codefendants is not to exceed $66,120 under Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1); 21 U.S.C. § 853(a)(2); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment complies with *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021), and *United States v. Prasad*, 18 F.4th 313, 315, 319 (9th Cir. 2021).

The in personam criminal forfeiture money judgment amount complies with *United States v. Lo*, 839 F.3d 777, 790-92 (9th Cir. 2016).

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Jose Alfredo Ayala-Flores, aka "Blackie," an in personam criminal forfeiture money judgment of $45,900.

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED ___February 24___, 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE