1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                         **DISTRICT OF NEVADA**
6                                  * * *
7    UNITED STATES OF AMERICA,              Case No. 2:20-cr-00156-RFB-DJA-2
8                       Plaintiff,                    **ORDER**
9         v.
10   JOSE ALFREDO AYALA-FLORES,
11                      Defendant.
12

13       Before the Court is Defendant Jose Ayala-Flores' *pro se* letter requesting the Court review

14   his case to determine his eligibility for a sentence reduction (ECF No. 618). The Court construes

15   this as a Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(2). For the following

16   reasons, the motion is denied.

17       On November 3, 2023, the Court imposed a sentence of sentence of 195 months of

18   incarceration on Mr. Ayala-Flores for one count of conspiracy to distribute a controlled

19   substance. See ECF Nos. 559, 561; see also 21 U.S.C. §§ 841, 846. On April 4, 2023, Mr. Ayala-

20   Flores filed the instant *pro se* Motion for Sentence Reduction. ECF No. 618. On May 6, 2023,

21   the Federal Public Defender filed a notice of non-eligibility. ECF No. 621.

22       The Court now turns to the merits of Mr. Ayala-Flores' motion. He argues he is potentially

23   eligible for resentencing following Amendment 821 to the guidelines. Courts may modify a term

24   of imprisonment, once imposed, "in the case of a defendant who has been sentenced to a term of

25   imprisonment based on a sentencing range that has subsequently been lowered[.]" 18 U.S.C. §

26   3582(c)(2). However, "the court shall not reduce the defendant's term of imprisonment under 18

27   U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."

28   U.S.S.G. § 1B1.10(b)(2)(A).

Amendment 821 of the guidelines retroactively reduced sentences in two relevant ways. First, U.S.S.G. § 4C1.1 was created, which provides a two-point reduction of the offense level for certain people without any criminal history points (known as "zero-point offenders"). Second, U.S.S.G. § 4A1.1 was amended the calculation of criminal history points when the underlying offense was committed while under another sentence (known as "status points"). Individuals with six prior status points now receive no additional criminal history points and those with seven or more receive a single criminal history point enhancement.

The final Presentencing Report furnished the following, relevant information concerning the calculation of Mr. Ayala-Flores' criminal history category. In 2011, Mr. Ayala-Flores was found guilty of 2010 attempted murder in a California court. He was sentenced to six years of incarceration. He was paroled in June 2015 and discharged from parole as a result of his deportation in August 2015. The United States Sentencing Guidelines impose 3 criminal history points for a prior sentence of over a year. See U.S.S.G. § 4A1.1. As a result, his 2010 conviction provided 3 criminal history points which resulted in a criminal history category of II. See U.S.S.G. § 5A. Based on an offense level of 41 and a history category of II, the guideline range was 360 months to life in prison. See id. (providing the sentencing table). At the sentencing hearing, the Court applied a four offense point reduction for the group plea. That produced a final guideline calculation of 37 offense points and a criminal history category of II, for 235 to 293 months of incarceration. The Court imposed a sentence of 195 months of incarceration.

As the discussion above shows, Mr. Ayala-Flores received no enhancements for status points nor was he a zero-point offender. Further, even if Mr. Ayala-Flores could reduce his criminal history to Category I, that would produce a sentencing range of 210-262 months, which remains greater than his current sentence of 195 months. See U.S.S.G. § 5A. In sum, the Court finds that Mr. Ayala-Flores was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered. Therefore, he does not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2).

For the foregoing reasons, **IT IS ORDERED** that Defendant Jose Ayala-Flores' *pro se* Motion for Sentence Reduction (ECF No. 618) is **DENIED**.

- 2 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS FURTHER ORDERED** that the Clerk of Court will provide Defendant a physical courtesy copy of this Order by first-class United States postage.

**DATED:** December 17, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**